IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. CR415-144 |
| | ) | |
| DARIUS ANDRE HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion in Limine. (Doc. 48.) In it, Defendant requests that the Court prohibit the admission of Defendant's 1993 conviction for armed robbery. (Id.) For the following reasons, Defendant's motion is **GRANTED** and the Government may not introduce evidence of Defendant's 1993 conviction as part of its case-in-chief.

On November 9, 2015 Defendant filed a Notice of Intent to Offer Entrapment Defense (Doc. 24) and on the same day the Government filed a Notice of Intent to Use 404(b) Evidence of Other Crimes (Doc. 25). Among the charges that the Government noticed was a 1993 Alford plea under a 29 count indictment for armed robbery, which included 11 counts of possession of a firearm during the commission of a felony.[1] (Doc. 25.) Defendant argues that the Government should be prohibited from admitting

---

[1] The Government's notice excluded from the notice the remaining counts of aggravated assault with a gun, armed robbery, and possession of a sawed off shotgun. (Doc. 25.)

this evidence because of its prejudicial nature. (Doc. 48 at 5.) The Government however, disagrees. It argues that because Defendant has provided notice of his intent to rely on an entrapment defense, the restrictions of Fed. R. Evid. 404(b) "virtually disappear." (Doc. 46 at 3).

Generally, "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). However, such evidence is admissible when introduced "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. Rule 404(b) evidence must "(1) be relevant to an issue other than the defendant's character; (2) be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) be of probative value that is not substantially outweighed by undue prejudice and meet the other requirements under Fed. R. Evid. 403." United States v. Patrick, 536 F. App'x 840, 842 (11th Cir. 2013) (citing United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003)).

Defendant agrees that the first prong of this test is satisfied and provides no argument for whether prong two is satisfied. Instead, Defendant argues that the prejudicial effect

2

of his 1993 conviction outweighs its probative value. (Doc. 48 at 4.) This Court agrees.

Defendant is currently indicted with two counts of distribution of heroin and one count of possession of a firearm by a felon. (Doc. 50.) The probative value of Defendant's prior conviction for armed robbery is quite low. First, it lacks a substantial relationship to Defendant's two distribution charges. Second, while there is no "bright-line rule regarding temporal remoteness", Patrick, 536 F. App'x at 843 (citing United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005)), the amount of time—over 22 years—which has expired between Defendant's Alford plea and the current indictment is significant and weighs against assigning any probative value to the conviction. See United States v. Dothard, 666 F.2d 498, 504 (11th Cir. 1982) ("The temporal remoteness of the . . . act depleted this evidence of any force of probity whatsoever." citing United States v. Jimenez, 613, F.2d 1373, 1376 (5th Cir. 1980)). Likewise, evidence of Defendant's involvement in a 1992 "crime spree" is also highly prejudicial. (Doc. 25.) As a result, Defendant's motion (Doc. 48) is **GRANTED** and the Government may not introduce evidence of Defendant's 1993 plea as part of its case-in-chief.

However, this Court will reevaluate Defendant's motion should he provide an entrapment defense. "Entrapment requires

3

'government inducement of the crime and a lack of predisposition by the defendant to commit the crime.'" United States v. Duran, 596 F.3d 1283, 1298-99 (11th Cir. 2010) (quoting United States v. Ventura, 936 F.2d 1228, 1230 (11th Cir. 1991)). When a defendant places "his character at issue by raising an entrapment defense, he cannot complain that the Government introduces evidence as to such character." Id. at 1299 (quoting Sorrells v. United States, 287 U.S. 435, 451 (1932)).

SO ORDERED this 26th day of January 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA