FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2016 FEB 11 PM 3:15

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. CR415-144 |
| | ) |
| DARIUS ANDRE HOLMES, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

Before the Court is Defendant's Motion in Limine. (Doc. 62.) In it, Defendant requests that the Court prohibit the admission of two uncharged drug transactions as extrinsic evidence of other crimes. For the following reasons, the motion is **DENIED IN PART** and **DISMISSED IN PART**.

Defendant is alleged to have engaged in two uncharged drug transactions in addition to those charged in the indictment. In the first—occurring on July 17, 2015—Defendant is alleged to have provided a third-party with a quantity of heroin that the third-party distributed to a confidential informant for money. (Id. at 2.) In the second transaction—occurring on August 5, 2015—Defendant is alleged to have distributed heroin to a confidential informant for money. (Id.) The Government has withdrawn its intent to introduce the July 17th transaction. (Doc. 66 at 1.) As a result, Defendant's motion as to that transaction is **DISMISSED AS MOOT**.

However, the Government has not withdrawn its intent to offer evidence of the August 5th transaction. The general rule is that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of evidence." Fed. R. Evid. 404(b)(2). Evidence offered for this purpose must (1) "be relevant to an issue other than the defendant's character", (2) "be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act", and (3) "the probative value of the evidence must not be substantially outweighed by its undue prejudice." United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998).

Furthermore, "evidence of criminal activity other than the charged offense is not 'extrinsic' under Rule 404(b), and thus falls outside the scope of the Rule, when it is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.'" United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (quoting

2

United States v. Baker, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005) abrogated on other grounds by United States v. Rigal, __ F. App'x __, 2016 WL 403173 (11th Cir. 2016)). "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998) (quoting United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985)).

First, the Court finds that evidence of the August 5th transaction is not extrinsic because it will assist the jury in completing the story of the dealings between the confidential informant and Defendant. See United States v. Cardenas, 234 F. App'x 892, 897-98 (11th Cir. 2007) (evidence of defendant's prior drug dealings with witness explained why defendant approached witness to distribute drugs). Second, even if the evidence were extrinsic, the August 5th transaction is relevant to an issue other than Defendant's character. By pleading not guilty, Defendant has placed his intent at issue. United States v. Edouard, 485 F.3d at 1345 ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it

3

may prove by qualifying Rule 404(b) evidence."). As a result, the August 5th transaction is relevant to the unresolved issue of Defendant's intent.

The Court is also satisfied that the Government will produce sufficient evidence to permit a jury to find that Defendant engaged in the August 5th transaction and that the risk of unfair prejudice does not substantially outweigh the probative value of the evidence. The act at issue and the acts charged in the indictment occurred in the same month, involve drug transactions, and at least one of the charged events involves the same confidential informant. As a result, on the present record, the Court cannot conclude that the risk of unfair prejudice outweighs the probative value of the evidence. Accordingly, Defendant's motion as to the August 5th transaction is **DENIED**.

SO ORDERED this 11th day of February 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA