# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DARIUS ANDRE HOLMES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV417-147 |
| ) | CR415-144 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Darius Andre Holmes was convicted by a jury of violating 18 U.S.C. § 922(g) (possession of a firearm by a convicted felon) and 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (distribution of heroin), and given an enhanced sentence of 262 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  *See* docs. 1[1] (indictment); 50 (superseding indictment); 85 (jury verdict); 106 (judgement for 262 months' imprisonment); 124 (mandate affirming judgment, filed April 4, 2017). Invoking 28 U.S.C. § 2255, he contends counsel was ineffective for failing to object to the findings of his Presentence Investigative Report or to argue (either in this Court or on appeal) that his ACCA-predicate

---

[1] The Court is citing to the criminal docket in CR415-144 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

convictions[2] did not qualify as "crimes of violence" after *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). Doc. 125 at 4-5.

I. ANALYSIS

   A. The *Johnson* Decision

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla, felon-in-possession convictions fetch a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

To qualify as an ACCA "violent felony," the crime must be an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary,

---

[2] Holmes was previously convicted of aggravated assault (eight counts committed on the same occasion, and counted as a single predicate offense), sale of cocaine (six counts committed on different occasions), and possession with intent to distribute cocaine (one count). PSR at §§ 42, 46, 49, 50 & 53. He did not object to the PSR findings. PSR, Addendum; doc. 118 (sentencing transcript) at 4 (when asked whether he or counsel had any objections to the findings of the PSR, Holmes said "No sir.").

arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). These three definitions are known, respectively, as (1) the elements clause, (2) enumerated crimes clause, and (3) residual clause. *Johnson* held that that "residual clause" was unconstitutionally vague. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" as defined by ACCA provisions other than the residual clause. *See, e.g.*, *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA, rather than the "residual" clause, survive *Johnson*).

### B. Holmes' Convictions

Holmes disputes that his ACCA-enhanced sentence survives *Johnson*. Doc. 125. But the *Johnson* decision only invalidated the

3

residual clause of the ACCA; serious drug offenses and violent felonies within the elements clause remain ACCA predicates.

A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Holmes concedes that his conviction for possession with intent to distribute cocaine in violation of O.C.G.A. § 16-13-30(b), (d) (*see* doc. 127, Exh. G) qualifies as an ACCA predicate offense. He disputes his other cocaine sale convictions, arguing that "sales" do not qualify as "distributing" within the meaning of the ACCA." Doc. 125 at 15-24. He's wrong.

Holmes' three 2008 convictions and three 2012 convictions[3] for Georgia sale of cocaine fit the § 924(e) definition of a "serious drug offense" because: (1) it was a state law crime, (2) selling is a form of

---

[3] To determine the statutory basis for conviction, a court may consult certain "*Shepard*" documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms. *Johnson v. United States*, 559 U.S. 133, 144 (2010). Undisputed PSR facts may also be used in determining the statutory basis for conviction. *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. June 15, 2016) (citing *United States v. McCloud*, 818 F.3d 591, 595, 599 (11th Cir. 2016)); *United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014); *United States v. Wade*, 458 F.3d 1273, 1277-78 (11th Cir. 2006).

distributing, (3) cocaine is a controlled substance, and (4) the crime was punishable by up to thirty years at the time he was convicted. *See, e.g.*, *Green v. United States*, 2017 WL 1100443 at *2 & n. 3 (S.D. Ga. Jan. 9, 2017). The statute provided "Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell or possess with intent to distribute any controlled substance," and it made such a violation "with respect to a controlled substance in Schedule I or narcotic drugs in Schedule II" punishable "by imprisonment for not less than five years nor more than 30 years" on the first offense. O.C.G.A. §§ 16-13-30(b), (d) (version in effect from 1990-2012); *Dennard v. State*, 265 Ga. App. 229, 229 (2004) (cocaine qualifies as narcotic drug). These offenses clearly remain qualifying "serious drug offenses" for ACCA sentence-enhancing purposes.

After *Johnson*, Holmes' convictions for possession with intent to distribute cocaine and the sale of cocaine in violation of O.C.G.A. § 16-13-30(b) remain qualifying ACCA predicates. *See* doc. 127, Exhs. E, F, & G; *see also In re Williams*, 826 F.3d 1351, 1356 (2016) (prior convictions for a "felony drug offense" are "not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent

5

felony."). That's at least four[4] qualifying ACCA-enhancing predicate

---

[4]   Holmes contends that his three 2012 convictions failed to specify the statutory subsection he was charged under, and thus are too vague and uncertain to form the bases for an ACCA enhancement. Doc. 125 at 23-24. Even assuming, *arguendo*, that he is correct, he still has four predicate serious drug offenses (*i.e.*, his three 2008 convictions for sale of cocaine and 2012 conviction for possession with intent to distribute cocaine) that fully meet the three-offense threshold to qualify him as an armed career criminal.

Holmes also has a violent felony under his belt. Doc. 127, Exh. D (conviction for 8 counts of aggravated assault in violation of O.C.G.A. § 16-5-21 in 1992, committed simultaneously and thus considered a single offense). Even though his cocaine possession and sale convictions are sufficient to qualify him as an armed career criminal, his violent felony bring his qualifying ACCA-predicate count up further still.

Holmes specifically contends that his aggravated assault conviction no longer counts post-*Johnson*. Doc. 125 at 15-24. But the ACCA categorizes as violent felonies those crimes that have "as an element the use, or attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1)(2)(B)(i). Holmes' 1992 conviction for aggravated assault comes under the ACCA's elements clause; *Johnson*, which only invalidated the residual clause of the ACCA, is inapplicable here to unwind it.

At the time of his conviction, the Georgia statute provided that a person committed aggravated assault when he, "with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." O.C.G.A. § 16-5-21(a)(2). Clearly, the state statute requires as an *element* the use of "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1)(2)(B)(i); *Hayward v. United States*, 2016 WL 5030373 at *3 (S.D. Ga. Sept. 19, 2016); *Neesmith v. United States*, 2016 WL 1688780 at * 2 n. 2 (S.D. Ga. Apr. 26, 2016). The Eleventh Circuit has held that an analogous Florida aggravated assault statute:

> is categorically a violent felony under the ACCA's elements clause. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337-38 & n. 6 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 576 U.S. ___, 135 S. Ct. 2551. In *Turner*, we reasoned that an aggravated assault conviction "will always include as an element the threatened use of physical force against the person of another." *Id*. at 1338 (quotations marks and alteration omitted). This Court noted that it was not necessary to review the underlying facts of the conviction to classify aggravated assault as a violent felony because, by its own terms, the offense required a threat to do violence to the person of another.

offenses. 18 U.S.C. § 924(e)(1). Holmes' claim that counsel was ineffective for failing to investigate and object to the PSR -- thus disqualifying these offenses from forming the basis of his armed career criminal enhancement -- is dead on arrival. Counsel cannot be deficient for failing to advance an utterly meritless argument to the court. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press nonfrivolous points"); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (the failure to raise "a meritless objections does not constitute deficient performance");

---

*Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016).

Though unnecessary to a finding that Georgia aggravated assault (assault with a deadly weapon) is an ACCA-predicate offense, a review of the *Shepard* documents further underscore that Holmes was indeed convicted for a violent felony within the meaning of the ACCA's elements clause. *Johnson*, 559 U.S. at 144 (to determine the statutory basis for conviction, a court may consult certain "*Shepard*" documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms); *Hires*, 825 F.3d at 1302 (undisputed facts contained in a Presentence Investigative Report may also be used in determining the statutory basis for conviction). Holmes was charged with, and convicted of, eight counts of aggravated assault in violation of O.C.G.A. § 16-5-21 for his participation of the shooting of John Baker, Gerald Horne, Eric Groover, Mario Mason, Patrick McCoy, Bobby Weathers, Dwight Wilcox, and George Williams with a sawed-off shotgun during a robbery. Doc. 125, Exh. D; PSR at ¶ 46.

That assault with a deadly weapon was indisputably a violent felony as contemplated by Congress, and unaffected by *Johnson*. And just as with his qualifying serious drug offenses, counsel was not ineffective for failing to argue otherwise. *See Jones*, 463 U.S. at 751 (there is no "constitutional right to compel appointed counsel to press nonfrivolous points"); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (to prevail on an IAC claim, the claim itself "must have merit"); *Maitre v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same).

7

*Nyhuis*, 211 F.3d at 1344 (to prevail on an IAC claim, the claim itself "must have merit"); *Matire*, 811 F.2d at 1434 (same).

## III. CONCLUSION

Darius Andre Holmes thus has passed the ACCA three-conviction threshold for enhancement as an armed career criminal, and counsel was not ineffective for failing to argue otherwise. Accordingly, his § 2255 motion should be **DENIED** on the merits.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPONTED AND RECOMMENDED,** this  7th  day of December, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA