FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2020 JAN -9 PM 12:19

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARIUS ANDRE HOLMES, )
)
    Petitioner, )
)
v. ) CASE NOS. CV417-147
)            CR415-144
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## ORDER

Before the Court is Petitioner's Motion to Dismiss Indictment (417CV147, Doc. 20; 415CR144, Doc. 144), to which the Government has responded (417CV147, Doc. 21; 415CR144, Doc. 145). Petitioner states that he was convicted of violating 18 U.S.C. § 922(g)(1) without the Government proving that he knew of his status as a prohibited person. (417CV147, Doc. 20 at 2-3.) Petitioner thus argues that, based on the United States Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), the indictment failed to allege a fact of liability and, therefore, the indictment must be dismissed. (Id. at 4-5.) After a careful de novo review of the record, the Court concludes that Petitioner's motion is due to be dismissed for lack of jurisdiction.

First, this Court is without jurisdiction to entertain Petitioner's motion to dismiss indictment. Petitioner was convicted by a jury in March 2016 of two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(c), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). (415CR144, Docs. 85, 106.) Petitioner appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, (415CR144, Doc. 108) and his conviction was affirmed in 2017 (415CR144, Docs. 122, 124). On August 8, 2017, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (415CR144, Doc. 125.) This Court adopted the Magistrate Judge's Report and Recommendation and denied Petitioner's § 2255 petition. (415CR144, Doc. 133.) Petitioner appealed that order (415CR144, Doc. 135) and the Eleventh Circuit denied Petitioner a certificate of appealability. (415CR144, Doc. 141.) Petitioner's criminal case is no longer pending—he has been sentenced and his conviction was affirmed on direct appeal in 2017. "Generally, a motion alleging a defect in an indictment must be filed pre-trial, 'but at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state

2

an offense.' " United States v. Felder, 220 F. App'x 951, 952 (11th Cir. 2007) (quoting Fed. R. Crim. P. 12(b)(3)(B)). Thus, where a case is no longer pending, a district court is without jurisdiction to entertain a motion to dismiss indictment. Felder, 220 F. App'x at 952; United States v. Wellons, 289 F. App'x 383, 384 (11th Cir. 2008). Petitioner's criminal case is no longer pending and, as a result, this Court lacks jurisdiction to entertain his motion to dismiss indictment.

Additionally, although Petitioner requests that this Court not construe the instant motion as a § 2255 petition (417CV147, Doc. 20 at 10-11), Petitioner clearly seeks to vacate his sentence based on Rehaif. However, as stated above, Petitioner has already filed a § 2255 petition, which was denied. As a result, any subsequent request to vacate, set aside, or correct the sentence is a second or successive habeas corpus petition. This Court may only entertain a second or successive habeas corpus petition after a petitioner receives certification from the Eleventh Circuit Court of Appeals allowing the petition. 28 U.S.C. § 2244(b)(3)(A). Under Eleventh Circuit Rule 22-3(a), Petitioner must file an "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit, using the form provided by the Eleventh

3

Circuit Clerk of Court, before filing a second or successive petition in this Court. To the extent that Petitioner's motion is construed as a 28 U.S.C. § 2255 petition, this Court is precluded from ruling on Petitioner's motion until he receives the required certification from the Eleventh Circuit.

Accordingly, for the reasons stated above, Petitioner's Motion to Dismiss Indictment (417CR147, Doc. 20; 415CR144, Doc. 144) is **DISMISSED FOR LACK OF JURISDICTION**. Additionally, Petitioner's Motion to Appoint Counsel (415CR144, Doc. 143) is **DENIED**. Petitioner is not entitled to a Certificate of Appealability, rendering moot any request for in forma pauperis status on appeal.

SO ORDERED this 9th day of January 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA